UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY W. LEONARD            )
           Plaintiff,        )
                             )
   v.                             )   Civ. No. 07-02052 (RBW)
                             )
UNITED STATES OF AMERICA, et al,  )
           Defendants.      )
_____  )

## ANSWER

### FIRST DEFENSE

Plaintiff has named an improper party as a defendant in this matter.

### SECOND DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused or contributed to by any negligent or wrongful act or omission of any agent, employee, or representative of the United States.

### THIRD DEFENSE

Contributory fault bars the claim.

### FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Answering specifically the numbered paragraphs of plaintiff's complaint, utilizing the same paragraph numbering, defendants answer as follows

1.  This paragraph contains plaintiff's statement of jurisdiction to which no response is required.

2.      Defendant denies that plaintiff was injured by United States Marshals Service (USMS) officers on July 21, 2004.  Defendant admits that on June 20, 2006, the USMS received an administrative tort claim from plaintiff, and that to date, the USMS has not adjudicated plaintiff's claim.  The remaining allegation in this paragraph contains a jurisdictional assertion for which no response is required.   The paragraph is otherwise denied.

3.      Defendant admits that on July 21, 2004, Deputy United States Marshal (DUSM) Stephen Cook and DUSM Johnny Williams were assigned to the courtroom of Judge William M. Jackson and that on July 21, 2004, plaintiff appeared before Judge Jackson.

4.      Defendant admits on July 21, 2004, DUSM Cook and DUSM Williams were employees of the USMS and were acting within the scope of their employment and pursuant to their duties as DUSMs.

5.      This paragraph is denied except to admit that on July 21, 2004, Judge Jackson ordered plaintiff to undergo immediate drug testing.  Defendant further avers that plaintiff refused to comply with the Judge's order and became combative with DUSM Cook and DUSM Williams as they led him from the courtroom to the USMS cellblock, where the drug testing was to take place.

6.      Defendant admits that DUSM Cook and DUSM Williams forcibly removed plaintiff from Judge Jackson's courtroom after plaintiff refused to comply with Judge Jackson's order to leave the courtroom to undergo immediate drug testing.

7.      Denied.  Defendant further avers that USMS officers were required to use force to restrain plaintiff after he refused the officers' instructions and became physically combative and assaulted them.

8.      Denied.

9. Denied.

The last paragraph of plaintiff's complaint is his prayer for relief, to which no response is required. To the extent a response is deemed to be required defendant avers that plaintiff is entitled to no relief.

Any allegation in plaintiff's complaint which is not specifically admitted herein is denied.

                              Respectfully submitted,

                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. Bar No. 498610
                              United States Attorney

                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. Bar No. 434122
                              Assistant United States Attorney

                              _____/s/_____
                              RHONDA C. FIELDS
                              Assistant United States Attorney
                              Civil Division
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              202/514/6970
                              Fax:   202/514/8780

OF COUNSEL:
JESSICA BORN
Associate General Counsel
U.S. Marshals Service Headquarters
Washington, D.C. 20530-1000